**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **LUNAREYE, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ENFORA INC.,** | § | **Case No.  9:10-cv-119** |
| **GUARDIAN GLOBAL TECHNOLOGIES** | § | |
| **INC., GLOBALSTAR, INC.,** | § | |
| **GUIDEPOINT SYSTEMS LLC,** | § | **Jury Demanded** |
| **HUGHES TELEMATICS INC.,** | § | |
| **PORTMAN SECURITY SYSTEMS (USA)** | § | |
| **CO., LTD., PROCON, INC., SPOT LLC,** | § | |
| **XIRGO TECHNOLOGIES LLC, and** | § | |
| **ZOOMBAK LLC** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, LUNAREYE, INC. (hereinafter "Plaintiff" or "LunarEye"), complaining of ENFORA, INC., GLOBALSTAR, INC., GUARDIAN GLOBAL TECHNOLOGIES, INC., GUIDEPOINT SYSTEMS, LLC, HUGHES TELEMATICS, INC., PORTMAN SECURITY SYSTEMS (USA) CO., LTD., PROCON, INC., SPOT, LLC, XIRGO TECHNOLOGIES, LLC, and ZOOMBAK, LLC, collectively referred to as "Defendants", and for cause of action would respectfully show the following:

**THE PARTIES**

1.      Plaintiff is a Texas corporation with its principal place of business in Liberty County, Texas.

2.      Upon information and belief, Defendant Enfora, Inc. (hereinafter "Enfora"), is a Texas corporation with a principal place of business at 251 Renner Pkwy Richardson, TX 75080.   Enfora may be served by serving its Registered Agent, Mark A. Weinzierl, 661 18th St., Plano, TX  75074-5693.

3.      Upon information and belief, Defendant Globalstar, Inc. (hereinafter "Globalstar"), is a Delaware corporation with a principal place of business at 461 S. Milpitas Blvd., Bldg. 5, Suites 1-2, Milpitas, California 95035.  Globalstar may be served by serving its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4.      Upon information and belief, Defendant Guardian Global Technologies, Inc. (hereinafter "Guardian"), is a California corporation with a principal place of business 635 W. Colorado Street, Ste 200, Glendale, CA 91204-1138.  Guardian may be served by serving its Registered Agent, Mark Wilson, 4047 Costado Road, Pebble Beach, CA  93953-3004.

5.      Upon information and belief, Defendant GuidePoint Systems LLC (hereinafter "GuidePoint"), is a Michigan corporation with a principal place of business at 25307 Dequindre Road, Madison Heights, MI 48071.  GuidePoint may be served by serving its Registered Agent, Rand W. Mueller, 24307 Dequindre, Madison Heights, MI 48071

6.      Upon information and belief, Defendant Hughes Telematics, Inc. (hereinafter "Hughes") is a Delaware corporation with a principal place of business at 2002 Summit Blvd,

Suite 1800, Atlanta, Georgia 30319.  Hughes may be served by serving its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

7.      Upon information and belief, Defendant Portman Security System (USA) Co., Ltd. (hereinafter "Portman"), is a Massachusetts corporation with a principal place of business at 510 Turnpike St., Suite 204, North Andover, Ma. 01845.  Portman may be served by serving its President, Susan Chu at 34 Andover Country Club Lane, Andover, MA 01810-2869.

8.      Upon information and belief, Defendant Procon, Inc. (hereinafter "Procon") is a Tennessee corporation with a principal place of business at 2035 Lakeside Centre Way, Suite 125, Knoxville, TN 37922.  Procon may be served by serving its Registered Agent, William E. McClamroch, III., 900 South Gay Street, Knoxville, TN 37902-1810.

9.      Upon information and belief, Defendant Spot, LLC (hereinafter "Spot"), is a Colorado corporation with a principal place of business at 461 S. Milpitas Blvd., Milpitas, CA 95035.  Spot may be served by serving its Registered Agent, TCS Corporate Services, Inc., 800 Brazos Street, Ste. 400, Austin, TX 78701-2548.

10.     Upon information and belief, Defendant Xirgo Technologies, LLC (hereinafter "Xirgo"), is a Delaware corporation with a principal place of business at 425 Constitution Ave., Camarillo, CA 93012.  Xirgo may be served by serving its Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

11.     Upon information and belief, Defendant Zoombak, LLC (hereinafter "Zoombak"), is a Delaware corporation with a principal place of business at 909 Third Avenue, 28th Floor, New York, NY 10022.  Zoombak may be served by serving its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

# THE PATENT

12.     On November 19, 2002, United States Patent No. U.S. Patent No. 6,484,035, entitled "APPARATUS AND METHOD FOR TRIGGERABLE LOCATION REPORTING" ("the '035 patent") was duly and legally issued.  A true and correct copy of the '035 patent is attached as Exhibit A.

13.     Pursuant to 35 U.S.C. § 282, the '035 patent is presumed valid.

14.     LunarEye is the owner by assignment of the '035 patent with full and exclusive right to bring suit to enforce this patent.

15.     The '035 patent relates generally to a triggerable location-reporting apparatus comprising: (a) a location-signal generating device configured to produce a location signal including location data when enabled; (b) a data selecting device for selecting less than all of the location data to include in the location signal; (c) a telemetry transmitter coupled to the data selecting device configured to transmit the location signal when enabled; (d) an enable controller configured to enable the location-signal generating device and the telemetry transmitter when it receives a trigger signal to then disable it; and (e) wherein the data selecting device reorders the selected data location.

16.     The patent infringement allegations in this case relate to claims 3 and 4 of the '035 patent.

17.     Claim 3 of the '035 Patent has been previously construed by this Court, and the Court's Memorandum Opinion and Order Construing Claim Terms of United States Patent No. 6,484,035 (the "Claim Construction Opinion") is attached hereto as Exhibit B.

## JURISDICTION & VENUE

18.     This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281. This Court has jurisdiction over the claim for patent infringement under 28 U.S.C. § 1338(a).  Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

19.     Enfora, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

20.     Globalstar, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

21.      Guardian, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

22.     GuidePoint, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

23.     Hughes, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

24.     Portman, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

25.     Procon, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

26.     Spot, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

27.     Xirgo, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

28.     Zoombak, upon information and belief, transacts business in this district by using, selling or offering to sell products as described and claimed in the '035 patent and/or by

conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

## PATENT INFRINGEMENT COUNTS

29.     Plaintiff realleges and incorporates by reference paragraphs 1 through 20.

30.     Enfora, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation the Enfora GSM/GPRS MT-G Automated Vehicle Locating (AVL) device, the Enfora Spider MT, AT, SA and Mini MT lines of products, as well as any other Enfora devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

31.     Globalstar, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation products manufactured under the Axonn trade-name including the Axonn SMARTONE, AX Tracker STX2, and AX Tracker MMT location tracking devices, as well as any other Globalstar devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

32.     Guardian, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation the Guardian Phantom Tracking device, as well as any other Guardian devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

33.    GuidePoint, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation the GuidePoint GPS-SVL, the GuidePoint Stolen Motorcycle Locator, the GuidePoint Xtreme, and the GuidePoint ETA location tracking devices, as well as any other GuidePoint devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

34.    Hughes, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation the Hughes Cocero line, the Hughes in-Drive line, and the Hughes Network fleet location tracking devices, as well as any other Hughes devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

35.    Portman, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation the Portman GT3000, GT3620, GT5000, CT6000-3G, GST8000, CTS100, GT2000NP, GT2000 Pet Tracker and GT2100 location tracking devices, as well as any other Portman devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

36.    Procon, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation the GT3000GT series of GPS Trackers, the SAT Track GPS, the SAT Track Fleet GPS, the Rental Star GPS and Goldstar GPS location tracking

devices, as well as any other Procon devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

37.     Spot, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation the Spot Satellite Personal Tracker location tracking devices, as well as any other Spot devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

38.     Xirgo, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation the Xirgo XT1900, XT2000, XT2000-O, XT2000, and XT4000 location tracking devices, as well as any other Xirgo devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

39.     Zoombak, on information and belief, makes, uses, sells, or offers to sell products that infringe claims of the '035 patent, including at least claims 3 and/or 4, or other claims, including for example and without limitation the Zoombak Car & Family A-GPS Locator location tracking devices, the A-GPS Universal Locator, the A-GPS Dog Locator, as well as any other Zoombak devices that are triggerable location-reporting apparatuses as described and claimed in the '035 patent.

40.     The infringement of the '035 patent alleged above has injured Plaintiff and thus, it is entitled to recover damages adequate to compensate for Defendants' infringement, which in no event can be less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment:

A.      That Defendants, Globalstar, Enfora, Guardian, GuidePoint, Hughes, Portman, Procon, Spot, Xirgo, Zoombak and  have infringed one or more claims of the '035 patent;

B.      That Defendants, Globalstar, Enfora, Guardian, GuidePoint, Hughes, Portman, Procon, Spot, Xirgo, Zoombak account for and pay to Plaintiff all damages caused by the infringement of the '035 patent, which by statute can be no less than a reasonable royalty;

C.      That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants Globalstar, Enfora, Guardian, GuidePoint, Hughes, Portman, Procon, Spot, Xirgo, Zoombak's infringement of the '035 patent;

D.      That Plaintiff be granted its attorneys' fees in this action;

E.      That costs be awarded to Plaintiff; AND

F.      That Plaintiff be granted such other and further relief that is just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims and issues so triable.


Dated:  September 2, 2010                          Respectfully Submitted,


                                                   /s/ Edward W. Goldstein
                                                   Edward W. Goldstein
                                                   Texas Bar No. 08099500
                                                   Christopher M. Faucett
                                                   Texas Bar No. 00795198
                                                   Goldstein, Faucett & Prebeg, L.L.P.
                                                   1177 West Loop South, Suite 400
                                                   Houston, TX  77027

Tel:  713-877-1515
Fax:  713-877-1737
Email:  egoldstein@gfpiplaw.com
Email:  cfaucett@gfpiplaw.com

Edwin Armistead Easterby
Texas Bar No. 00796500
Williams Kherkher Law Firm
8441 Gulf Freeway, Suite 600
Houston, TX  77017
Tel:  713-249-2189
Fax:  713-643-6226
Email:  aeasterby@williamskherkher.com

ATTORNEYS FOR PLAINTIFF